UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lynda Yant,<br>Plaintiff,<br><br>v.<br><br>Hunter Warfield, Inc.,<br>Tina White, and<br>Ranita Davis,<br>Defendants. | **COMPLAINT AND DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by Lynda Yant against Hunter Warfield, Inc. and its employees, Tina White and Ranita Davis, for their repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"), Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), Minnesota's automated dialer law, Minn. Stat. §325E.26, and invasions of privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendants transact business within Minnesota.

## PARTIES

4. Plaintiff, Lynda Yant, is a natural person who resides in the City of Saint Anthony, County of Hennepin, and State of Minnesota.

5. Defendant, Hunter Warfield, Inc., ("Defendant Hunter") is a Maryland corporation engaged in the business of collecting debts in Minnesota. Defendant Hunter's principal place of business is located at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

6. Defendant, Tina White, ("Defendant White") is a natural person employed by Defendant Hunter Warfield as a debt collector at all times relevant to this Complaint.

7. Defendant, Ranita Davis, ("Defendant Davis") is a natural person employed by Defendant Hunter Warfield as a debt collector at all times relevant to this Complaint.

## FACTUAL ALLEGATIONS

8. In July of 2005, Plaintiff rented an apartment from Windsor South Apartment Homes ("Windsor South"). Plaintiff and her husband resided in their apartment until July of 2011. At the time they vacated their apartment, the apartment manager conducted an inspection and concluded that the apartment was in good shape and would require no more than basic cleaning in preparation for future tenants.

9. On or around August 23, 2011, Plaintiff received a "final account statement" from Windsor South demanding payment for an outstanding water bill, cleaning, a new refrigerator and stove, and replacement of damaged carpet. The alleged debt totaled $1,491.43 ("the Debt" or "alleged Debt").

10. On August 25, 2011, Plaintiff mailed Windsor South a letter disputing the validity of the charges appearing in the final account statement. Plaintiff demanded

evidence regarding the replacement of the stove, carpet and refrigerator, including the dates the original units were purchased.

11. On September 13, 2011, Plaintiff received a letter from Windsor South explaining the charges that appeared in the final account statement. Enclosed with the letter, were photos and statements. The photos actually supported Plaintiff's position that the appliances were in good shape when she vacated the property and that she was not responsible for the cost of replacement, which was an optional, business decision made by Windsor South.

12. Upon information and belief, on or around September 15, 2011, the alleged Debt was assigned, placed or otherwise transferred by Windsor South to Defendant Hunter Warfield for collection.

13. On or around September 23, 2011, Plaintiff received a letter from Defendant Hunter demanding payment of $1,491.43 for the alleged Debt.

14. On September 28, 2011, Plaintiff mailed a dispute letter to Defendant Hunter Warfield disputing the validity of the Debt and requesting further documentation from Windsor South detailing the Debt.

15. On or around October 24, 2011, Plaintiff received a telephone call from a debt collector employed by Defendant Hunter. The debt collector demanded payment of the Debt. Plaintiff attempted to explain that the Debt was incorrect and that she was not responsible for the costs that Windsor South was alleging. The debt collector became very angry with Plaintiff and screamed at her repeatedly. The debt collector told Plaintiff that any evidence that she had didn't matter and repeatedly interrupted Plaintiff when she

attempted to explain the situation. Plaintiff was reduced to tears and was shaking with fear and anxiety when the call ended.

16. On or around November 1, 2011, Plaintiff received a letter from Defendants Hunter and White. The letter was entitled "Verification of Debt," dated October 27, 2011 and signed by "Tina White." The letter included a ledger that listed the principal of the Debt, interest accrued and payments made by Plaintiff. The letter stated that Plaintiff had incurred interest charges of $2.70 and that the interest charges were continuing to accrue on the Debt.

17. The original lease Plaintiff signed which purportedly created the Debt did not provide for the assessment of interest charges. Defendant Hunter added interest charges in violation of the FDCPA, 15 U.S.C. §§ 1692e(2) and 1692f(1).

18. On or around November 3, 2011, Plaintiff received a letter from Defendants Hunter and White. The letter was entitled "Verification of Debt," dated November 1, 2011 and signed by "Tina White." The letter included a ledger that listed the principal of the Debt, interest accrued and payments made by Plaintiff. The letter stated that Plaintiff had incurred interest charges of $3.92 and that the interest charges were continuing to accrue on the Debt.

***Use of Automatic Telephone Dialing System***

19. On November 4, 2011, at approximately 7:40 p.m., Defendant Hunter Warfield placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant Davis left the following message:

Hello, this message is for Lynda. Lynda Yates, my name is Ranita Davis.

> Ms. (inaudible) I have a decision to make and I wanted to speak with you before making it. Just noted for the record today is Monday, November fourth, and its approximately 4:44. You can reach my office by calling 813-283-4647. It is important that I speak with you as soon as possible, as this decision will be made with or without your call. And, again, please call Ranita Davis at 813-283-4647. I hope to speak with you today.

Defendant Davis failed to disclose that she was a debt collector as required by FDCPA, 15 U.S.C. §1692e(11).

20. On November 24, 2011, at 10:44 a.m., Defendant Hunter Warfield placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (636) 489-0455.

21. On November 24, 2011, at 12:34 p.m., Defendant Hunter Warfield placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (636) 489-0455.

***Use of Artificial & Prerecorded Voice***

22. On November 24, 2011, at 2:03 p.m., Defendant Hunter Warfield placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was (636) 489-0455. Plaintiff answered Defendant Hunter's phone call and was greeted with an artificial and pre-recorded voice stating, in part: "This is not a sales or marketing call. Please press "nine" if you are Lynda Yant to retrieve a message." Plaintiff pressed nine on her telephone and Defendant Hunters' automatic telephone dialing system hung up on Plaintiff.

23. Plaintiff received numerous phone calls from Defendant Hunter throughout the months of September, October and November of 2011. The calls were made by

Defendant Hunter's automatic telephone dialing system.

***Respondeat Superior***

24. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Hunter, were committed within the time and space limits of their agency relationship with their principal, Defendant Hunter.

25. The acts and omissions of Defendants Davis and White, and other debt collectors employed by Defendant Hunter, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Hunter in collecting consumer debts.

26. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principals, Defendant Hunter.

27. Defendant Hunter is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

**DAMAGES**

28. As a result of Defendants' repeated violations of the FDCPA, TCPA, Minnesota's autodialer law, and invasions of privacy, Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, fear, frustration, humiliation, embarrassment, among other negative emotions, as well as suffering from unjustified and

abusive invasions of personal privacy.

## CAUSES OF ACTION

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692

29. Plaintiff repeats and incorporate by reference paragraphs 1 - 28.

30. Plaintiff is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

31. Defendants are "debt collectors" as that term is defined under 15 U.S.C. §1692(a)(6).

32. The alleged Debt arose from primarily personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

33. Defendants violated the FDCPA, 15 U.S.C. § 1692, in their attempts to collect the debt from Plaintiff. Defendants' violations include, but are not limited to, the violations described in Paragraphs 34 - 37 of this Complaint.

34. Defendant Davis violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11) by leaving Plaintiff a voice mail message on November 4, 2011, that did not meaningfully disclose her identity and failed to disclose that the message was from a debt collector.

35. Defendants Hunter and White violated 15 U.S.C. §§ 1692e, 1692e(2), 1692f and 1692f(1) by attempting to charge Plaintiff interest charges that were not expressly authorized by the lease allegedly creating the debt or permitted by law.

36. Defendants violated 15 U.S.C. §§1692d and 1692d(5) by causing Plaintiff's

phone to ring and engaging her in telephone conversation repeatedly with the intent to annoy, abuse, or harass Plaintiff.

37. Defendants Hunter and Davis violated 15 U.S.C. §§ 1692g(b) by contacting Plaintiff by telephone after Plaintiff disputed the validity of the debt in writing and before Defendants had provided Plaintiff with verification of the Debt.

**COUNT II.**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

(Against Hunter Warfield)

38. Plaintiff repeats and incorporates by reference paragraphs 1 – 37.

39. Defendant Hunter used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to Plaintiff's cellular telephone in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. None of Defendant Hunter's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

41. Defendant willfully or knowingly violated the TCPA.

**COUNT III.**
**INVASION OF PRIVACY**

42. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

43. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

44. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

45. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

46. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

47. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

48. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT IV.
## VIOLATIONS OF MINNESOTA'S AUTOMATED DIALER LAW
## MINN. STAT. § 325E.26 – 325E.31

49. Plaintiff incorporates by reference all the paragraphs of this Complaint as though fully stated herein.

50. The use of autodialed messages using a pre-recorded and/or synthesized voice during the message is regulated, and in most cases prohibited by Minnesota law, unless there is an existing business relationship between the caller and the telephone subscriber. Minn. Stat. § 325E.26.

51. Plaintiff is a telephone "subscriber" as that term is defined by Minn. Stat. § 325E.26, sudb. 5.

52. Defendant Hunter is a "caller" as that term is defined by Minn. Stat. § 325E.26, subd. 3.

53. There was no preexisting business or personal relationship between Plaintiff and Defendant Hunter.

54. Plaintiff did not knowingly or voluntarily request, consent to, permit, or authorize the receipt of any messages from Defendant Hunter through the use of any "automatic dialing announcing device" as that term is defined by Minn. Stat. § 325E.26, subd. 2.

55. Defendant Hunter Warfield's use of an automatic dialing-announcing device to transmit information to Plaintiff and using multiple prerecorded and/or synthesized voice messages to communicate with Plaintiff, without her consent or a statutory right, constitute numerous and multiple violations of Minn. Stat. § 325E.27.

56. As a result of Defendants violations of Minn. Stat. § 325E.27, Plaintiff is entitled to all the penalties and remedies, including a private right of action to recover Plaintiff's damages and reasonable attorney's fees and costs, as provided under Minn. Stat. §8.31

## PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

### COUNT II.
### TELEPHONE CONSUMER PROTECTION ACT

4. A declaration that Defendant Hunter's telephone calls violated the TCPA;

5. For an award of actual damages or $500.00 in damages for each violation of the TCPA;

6. For an award of $1500 in damages for each willful or knowing violation of the TCPA;

7. For an order enjoining Defendant Hunter Warfield from making any future telephone calls in violation of the TCPA to Plaintiff;

### COUNT III.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

8. For an award of actual damages from each and every Defendant for the

emotional distress suffered as a result of the invasions of privacy in an amount to be determined at trial; and

9. For such other and further relief as may be just and proper;

## COUNT IV.
## VIOLATIONS OF MINNESOTA'S AUTOMATED DIALER LAW

10. For an award of all penalties and remedies, including actual damages against Defendant Hunter's for its violations of Minn. Stat. § 325E.27, and reasonable attorney's fees and costs provided under Minn. Stat. § 8.31 for Plaintiff;

11. And for such other and further relief as may be just and proper.

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **1/27/2012**

**s/ Mark L. Heaney**
Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile: (952) 544-1308
Email: mark@heaneylaw.com
***Attorney for Plaintiff***